UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF GEORGIA

SAVANNAH DIVISION

| GREG DAVIS, | ) | |
|---|---|---|
| Petitioner, | ) | |
| v. | ) | Case No. CV416-119 |
| SAMUEL S. OLENS; JUDGE Attorney General; MICHAEL L. KARPF, | ) | |
| Respondents. | ) | |

# ORDER

Greg Davis has filed a "Motion Under Rule 60(b)(3) Fraud." Doc. 1. The Clerk docketed it as a 28 U.S.C. § 2254 petition. The "motion" has nothing to do with anything that's occurred in this Court. Instead, it attacks a 1996 state criminal court "competency judgment" against Davis. The Court accepts the Clerk's designation for docket-keeping purposes but abstains from judicially characterizing the filing as a § 2254 petition until Davis clarifies what he seeks.

The federal courts have long made available to jails and prisons specific forms for filing habeas and civil rights cases. In *Williams v.*

*Freesemann*, 2015 WL 6798946 (S.D. Ga. Oct. 15, 2015), this Court noted that some inmate-litigants bypass those forms in favor of "home-brewed" filings. Adverse factors can motivate that effort. The Court's forms force inmates to answer questions aimed at capturing things like 28 U.S.C. § 1915(g) strikes and repeat (*e.g.*, successive writ) habeas filings. *See, e.g.*, *Bright v. Corizon Health Corp.*, 2015 WL 9257155 at * 1 (S.D. Ga. Dec. 18, 2015) ("Bright's incentive to omit his prior case information is strong because of the § 1915(g) three-strike bar."). "Home-brewers" typically omit those prophylactic questions from their filings.

After Williams filed a "Petition of Truth" under 42 U.S.C. § 1983, the Court reaffirmed that it would reject home-brews, including "any attempt by an inmate to advance a habeas claim using a 'Trojan Horse' cover claim under § 1983 or, as is evident here, a facially absurd claim premised on a statute arbitrarily plucked out of the federal code." *Williams*, 2015 WL 6798946 at * 1. It therefore directed the Clerk to send Williams a set of § 1983 and habeas forms and further directed that:

> [w]ithin 30 days after the Clerk serves Williams with a copy of this Order and those forms, he must re-file whatever it is he seeks to do with this case. If he wants to sue someone for damages, he should use the § 1983 form and associated IFP forms. If he seeks only

relief from his conviction (and no money damages), then he should use the § 2254 form and associated IFP motion. What he cannot do is sluff both into a home-brewed "Petition of Truth," which will be dismissed outright (but not before directing his Prison Custodian to pay from Williams' account a $5 filing fee to the Clerk) if he fails to comply with these directions.

*Williams*, 2015 WL 6798946 at * 2 (footnote omitted).

As in *Williams*, Davis also has filed a "home-brewed" form bearing a facially frivolous request for relief, and also moves for leave to proceed *in forma pauperis* (IFP). Doc. 2. As it did in *Williams*, the Court **DEFERS** ruling on his IFP motion (doc. 2) and **DIRECTS** the Clerk to send him: (1) a 42 U.S.C. § 1983 form complaint; and (2) a 28 U.S.C. § 2254 form petition, both with associated IFP forms. There are separate filing fees involved in those cases ($5 for § 2254; $350 for § 1983), and separate consequences that accompany both actions.[1]

Within 30 days after the Clerk serves Davis with a copy of this Order and those forms, he must re-file whatever it is he seeks to do with

---

[1] This Court's § 1983 complaint form, which is availed to all prisons and jails, *see* http://www.gasd.uscourts.gov/pdf/prisoner1983.pdf, compels inmates to disclose prior lawsuits. *Id.* at 1-2. That data is necessary to enforce the "Three Strikes" rule recently illuminated in *Owens v. Morales*, 2015 WL 5040245 at * 1 (S.D. Ga. Aug. 25, 2015). *See Boney v. Hickey*, 2014 WL 4103918 at * 4-5 (S.D. Fla. Aug. 15, 2014) (collecting cases that discuss what constitutes a 28 U.S.C. § 1915(g) strike, three of which can lead to a substantial curtailment on an inmate's ability to proceed IFP).

3

this case. If he wants to sue someone for damages, he should use the § 1983 form and associated IFP forms. If he seeks only relief from his conviction (and no money damages), then he should use the § 2254 form[2] and associated IFP motion. What he cannot do is rely on his home-brewed "Rule 60" motion.

**SO ORDERED,** this  26th  day of May, 2015.

*/s/ G.R. Smith*
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA

---

[2] Since the Court is not acting on his present filing, no *"Castro"* warning is required. *See Castro v. United States,* 540 U.S. 375, 382–83 (2003) (court that wishes to recharacterize *pro se* litigant's pleading as first 28 U.S.C. § 2255 motion must (1) notify litigant of court's intent, (2) warn litigant that recharacterization means that subsequent § 2255 motion will be subject to restrictions on "second or successive" motions, and (3) give litigant opportunity to withdraw motion or to amend it to include all § 2255 claims). *Castro* applies to any filing that in substance is a § 2254 petition -- *if* reached on the merits. *Compare Smith v. Hobbs,* 490 F. App'x 833, 833 (8th Cir. 2012) (state prisoner was entitled to proper notice, warnings, and opportunity to withdraw his pleadings before his *pro se* § 1983 action challenging his sentence was recharacterized as habeas petition); *with Jones v. O'Neal,* 2012 WL 6084650 at * 1 (S.D. Ga. Dec. 6, 2012) (no *Castro* warning needed since petitioner had failed to exhaust state remedies, thus warranting dismissal without prejudice); cited in *Alexander v. Georgia,* 2015 WL 2255130 at * 1 n. 1 (S.D. Ga. May 15, 2015) (no *Castro* warning needed "because the Court would not be reaching his petition on the merits, only on procedural grounds.").

4